SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 13 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL SEYMOUR,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP

    Defendant.

Civil Action No.: 1:14cv45 HSO-RHW

**COMPLAINT**

## PLAINTIFF'S COMPLAINT

Plaintiff, DANIEL SEYMOUR ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Mississippi establishing personal jurisdiction.

5.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person residing in Vancleave, Jackson County, Mississippi.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9.  Defendant is a business entity with an office located at 6330 Gulfton St., Houston, TX 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this Complaint, Defendant was assigned an account allegedly in default ("debt") to collect from Plaintiff.

12. Upon information and belief, the alleged debt that Defendant was attempting to collect was for credit card purchases.

13. The aforementioned alleged debt arises from transactions that were for personal, family and household purposes.

14. Defendant began placing telephone calls to Plaintiff in its collection attempts.

15. Defendant placed these telephone calls to Plaintiff at 288-826-44xx, Plaintiff's home telephone.

16. Within one (1) year prior to filing this Complaint, Defendant placed a collection call to Plaintiff which Plaintiff was not able to answer.

17. Plaintiff has an answering machine that identifies himself which allows callers to leave him a message.

18. Defendant's employee, a female, left a message for Plaintiff on the answering machine that identified her individual name and asked Plaintiff to call back to (866) 862-2793. *See* transcribed message, attached hereto as Exhibit A.

19. Telephone number (866) 862-2793 is a telephone number assigned to Defendant.

20. The aforementioned message did not identify Defendant's business name. *See* Exhibit A.

21. The message also failed to inform Plaintiff that it is a debt collector. *See* Exhibit A.

22. Defendant's message failed to provide Plaintiff with any information to determine that Defendant was calling about a debt in an attempt to withhold pertinent information from Plaintiff in order to get Plaintiff to call back en engage in aggressive collection practices.

23. Defendant uses deceptive and misleading in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff;

   b. Defendant violated §1692e(10) of the FDCPA by use deceptive means to attempt to collect a debt; and

   c. Defendant violated §1692e(11) of the FDCPA by failing to disclose that it was

from a debt collector.

WHEREFORE, Plaintiff, DANIEL SEYMOUR, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k , and

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 4, 2014

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd. Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 861-1390
Email: shormozdi@consumerlawcenter.com
Mississippi Bar No. 103799