# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| DANIEL SEYMOUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:14-cv-45-HSO-RHW |
| GC SERVICES LIMITED PARTNERSHIP, | ) ) ) |
| Defendant. | ) |

## DEFENDANT GC SERVICES, LP'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant GC Services, LP ("GCS"), by and through its undersigned counsel of record, answers each allegation of Plaintiff Daniel Seymour's ("Plaintiff") Complaint, and asserts its affirmative defenses in the above-styled action as follows:

## ANSWER

GCS answers the allegations contained in the Complaint by denying the allegations not specifically admitted, unless GCS states it is without knowledge or information sufficient to form a belief as to the truth of the allegations. As to each specific allegation of Plaintiff's Complaint, GCS responds as follows:

## INTRODUCTION

1. Paragraph 1 of the Complaint consists solely of legal conclusions to which no response from GCS is required. To the extent a response is required, GCS denies the allegations in Paragraph 1 of the Complaint.

2. GCS denies the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. In answering Paragraph 3 of the Complaint, GCS has insufficient information to admit that jurisdiction exists in this action and therefore denies same.

4. In answering Paragraph 4 of the Complaint, GCS states it has, on occasion, attempted collection efforts toward consumers who may reside in the state of Mississippi. Further answering, GCS has insufficient information to admit that personal jurisdiction exists in this action and therefore denies same.

5. In answering Paragraph 5 of the Complaint, GCS has insufficient information to admit that venue is proper and therefore denies same.

## PARTIES

6. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies same.

7. In answering Paragraph 7 of the Complaint, GCS has insufficient information to admit that Plaintiff is a "consumer" as the Fair Debt Collection Practices Act ("FDCPA") defines that term and therefore denies same.

8. In answering Paragraph 8 of the Complaint, GCS has insufficient information to admit whether the subject debt is a "debt" as the FDCPA defines that term and therefore denies same.

9. In answering Paragraph 9 of the Complaint, GCS admits it is a business entity with an office located at 6330 Gulfton, Houston, Texas 77081.

10. In answering Paragraph 10 of the Complaint, GCS admits that under certain circumstances it can be considered a "debt collector" pursuant to the FDCPA and admits that it attempted to collect the subject debt from Plaintiff. GCS denies the remaining allegations in Paragraph 10 of the Complaint.

## **FACTUAL ALLEGATIONS**

11. In answering Paragraph 11 of the Complaint, GCS admits it was retained to attempt collection efforts toward Plaintiff regarding the subject, delinquent account. GCS denies the remaining allegations in Paragraph 11 of the Complaint.

12. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. In answering Paragraph 14 of the Complaint, GCS admits it placed telephone calls in an attempt to communicate with Plaintiff regarding the subject debt.

15. GCS denies the allegations in Paragraph 15 of the Complaint.

16. In answering Paragraph 16 of the Complaint, GCS admits that within one year prior to the filing of Plaintiff's Complaint, GCS placed a telephone call in an attempt to communicate with Plaintiff regarding the subject debt. Further answering, GCS is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was not able to answer such call and therefore denies same.

17. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same. Further answering, the allegations in Paragraph 18 of the Complaint refer to a purported voicemail that, being recorded, speaks for itself. To the extent the allegations in Paragraph 18 of the Complaint regarding the content of such voicemail are inconsistent with the actual voicemail, they are denied.

19. GCS admits the allegations in Paragraph 19 of the Complaint.

20. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same. Further answering, the allegations in Paragraph 20 of the Complaint refer to a purported voicemail that, being recorded, speaks for itself. To the extent the allegations in Paragraph 20 of the Complaint regarding the content of such voicemail are inconsistent with the actual voicemail, they are denied.

21. GCS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same. Further answering, the allegations in Paragraph 21 of the Complaint refer to a purported voicemail that, being recorded, speaks for itself. To the extent the allegations in Paragraph 21 of the Complaint regarding the content of such voicemail are inconsistent with the actual voicemail, they are denied.

22. GCS denies the allegations in Paragraph 22 of the Complaint.

23. GCS denies the allegations in Paragraph 23 of the Complaint.

## COUNT I

24. GCS denies the allegations in Paragraph 24 of the Complaint and all subparts thereto.

In answering the paragraph beginning "WHEREFORE," which includes paragraphs 25, 26 and 27 of the Complaint, GCS denies these paragraphs of the Complaint and further denies that Plaintiff is entitled to any of the relief sought in this action.

## AFFIRMATIVE DEFENSES

GCS asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each count therein fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

GCS has, at all times relevant hereto, complied fully with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

GCS is entitled to the bona fide error defense which the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c), provides.

## FOURTH AFFIRMATIVE DEFENSE

GCS pleads it acted at all times in good faith reliance on the information provided to it.

**FIFTH AFFIRMATIVE DEFENSE**

GCS has, at all material times with respect to Plaintiff, acted in good faith, without malice or willfulness, and in an effort to comply fully with all relevant laws.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred by the statute of frauds or the parol evidence rule or both.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of GCS.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred by estoppel, waiver, and/or laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred because Plaintiff did not sustain any damages as a proximate result of any wrongdoing by GCS.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred by the applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by the doctrine of ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE

GCS asserts Plaintiff either has not or may not have suffered any recoverable damages and demands strict proof of the damages alleged herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

GCS pleads the general issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

GCS pleads not guilty.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by GCS's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because Plaintiff has failed properly to mitigate his damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed, or may have failed, to join necessary and indispensable parties required for a just adjudication of his claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because Plaintiff lacks standing or capacity to bring this action and/or is not the real party in interest.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or preempted as the result of prior proceedings or prior pending actions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred by reason of unclean hands or *in pari delicto* or both.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

GCS has complied with any applicable statutory requirements.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

GCS is not liable for any alleged actions of its agents or employees committed outside the line and scope of their employment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred under the doctrines of *res judicata* or collateral estoppel or both.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

GCS did not breach any legal duty to Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of unjust enrichment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of judicial estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

GCS reserves the right to assert any additional defenses or claims as discovery proceeds in this action.

Respectfully submitted,

/s/ J. Mitchell Frost, Jr.
J. Mitchell Frost, Jr. (MB#104415)
*Counsel for Defendant GC Services, LP*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
(205) 879-8722 – telephone
(205) 879-8831 – telecopier
jmf@ffdlaw.com – email

**Pending Pro Hac Vice Admission:**
L. Jackson Young, Jr.
FERGUSON, FROST & DODSON, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
(205) 879-8722 – telephone
(205) 879-8831 – telecopier
ljy@ffdlaw.com – email

## CERTIFICATE OF SERVICE

This is to certify that on this the 14th day of March, 2014, a copy of the foregoing document has been served upon counsel for all parties via CM/ECF efiling:

Shireen Hormozdi, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Boulevard, Suite 405
Los Angeles, California 90025
shormozdi@consumerlawcenter.com
*Attorney for Plaintiff Daniel Seymour*

/s/ J. Mitchell Frost, Jr.
Of Counsel